IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | |
| V. | ) | CR 6-161 |
| | ) | CV 12-1635 |
| JOHN P. GEORGE | ) | |

**OPINION AND ORDER**

**SYNOPSIS**

Before the Court is Defendant's petition for habeas relief pursuant to 28 U.S.C. § 2255. On October 25, 2007, a jury convicted Defendant of possessing a firearm in violation of 19 U.S.C. § 922 and § 924. On February 11, 2008, he was sentenced to a term of imprisonment of 188 months, and five years of supervised release. Because his Section 2255 Motion is untimely on its face, I afforded Defendant an opportunity to establish its timeliness. Upon consideration of Defendant's submissions and the Court record, the Motion will be denied.

**OPINION**

**I. STANDARD OF REVIEW**

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief, <u>United States v.Ritter</u>, 93 Fed. Appx. 402, (3d Cir. 2004). Under that standard, a hearing is unnecessary in this case, and I will dispose of the Motion on the record.[1]

---

[1] I note, too, that notice pursuant to <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), would serve no meaningful purpose here due to incurable timeliness issues, and thus I have not issued such notice. <u>United States v. Chew</u>, 284 F.3d 468 (3d Cir. 2002) (<u>Miller</u> notice not required when petition is time-barred). In any event, our Court of

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

Section 2255 imposes a one-year limitation period, which runs from the date on which the judgment of conviction becomes final. 28 U.S.C. 2255(f). Petitioner did not file a writ of certiorari. (See Mot. 2 (ECF No. 932).) Accordingly, for purposes of § 2255(f)(1), his conviction became final when the time for filing a writ of certiorari expired — ninety days after the Court of Appeals for the Third Circuit affirmed petitioner's conviction. Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). In this case, Defendant was sentenced on February 11, 2008. The Court of Appeals affirmed his conviction on February 11, 2009. He did not seek certiorari. This Motion followed on November 11, 2012, years beyond the limitations period.

In this case, Defendant, recognizing that he has run afoul of the time bar, seeks to establish timeliness by invoking 28 U.S.C. § 2255(f)(3) and (4). Section (f)(3) provides that the one-year period may run from "the date on which the right asserted was initially recognized by

---

Appeals has questioned whether its Miller requirement accords with subsequently decided Supreme Court precedent. United States v. Perry, 142 Fed. Appx. 610, 612 (3d Cir. 2005).

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In turn, Section (f)(4) provides that the one-year period may run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

Defendant relies on two recent cases interpreting Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). He contends that Apprendi required this Court to apply concepts later enunciated in Garrus v. Sec'y of the Pa. Dep't, 694 F.3d 394 (2012) and United States v. Joslin, No. 11-40863, 2012 U.S. App. LEXIS 17061 (5th Cir. Aug. 14, 2012). This argument, however, does not cure the tardiness of Defendant's Motion. In the first instance, Apprendi was decided years before Defendant's Motion, and is not retroactive to cases on collateral review. E.g., United States v. Clarke, 294 Fed. Appx. 694 (3d Cir. 2008). Second, Garrus and Joslin were decided by federal Courts of Appeal, and thus neither pronounces a "right newly recognized by the Supreme Court" as required by Section 2255(f)(3). Moreover, "a federal court of appeals' decision does not serve as a trigger for the statute of limitations under § 28 U.S.C. § 2255(f)(4)" – a court decision is not a new "fact." Wilder v. United States, No. 10-997, 2011 U.S. Dist. LEXIS 87430, at \*\*16-17 (W.D. Pa. Aug. 8, 2011). I have reviewed the record, and no other grounds for tolling the limitations period is evident. Therefore, even under applicable liberal standards, I must find Defendant's Motion time-barred.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the foregoing reasons, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is barred by applicable time limitations and will be denied accordingly. An appropriate Order follows.

## ORDER

AND NOW, this 3rd day of January, 2013, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion [134] is DENIED as untimely. No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court